## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARAH VANMERSBERGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| WELBILT, INC., CYNTHIA M. | ) | |
| EGNOTOVICH, DINO J. BIANCO, JOAN | ) | |
| K. CHOW, JANICE L. FIELDS, BRIAN R. | ) | |
| GAMACHE, WILLIAM C. JOHNSON, and | ) | |
| ANDREW LANGHAM, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on July 14, 2021 (the "Proposed Transaction"), pursuant to which Welbilt, Inc. ("Welbilt" or the "Company") will be acquired by Ali Holding S.r.l. ("Parent"), Ali Group North America Corporation ("Acquiror"), and Ascend Merger Corp. ("Merger Sub," and together with Parent and Acquiror, "Ali").

2. On July 14, 2021, Welbilt's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Ali. Pursuant to the terms of the Merger Agreement, Welbilt's stockholders will receive $24.00 in cash for each share of Welbilt common stock they own.

3.      On August 10, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Welbilt common stock.

9.      Defendant Welbilt is a Delaware corporation and maintains its principal executive offices at 2227 Welbilt Boulevard, New Port Richey, Florida 34655. Welbilt's common stock is traded on the New York Stock Exchange under the ticker symbol "WBT."

10.     Defendant Cynthia M. Egnotovich is Chairperson of the Board of the Company.

11.     Defendant Dino J. Bianco is a director of the Company.

12.     Defendant Joan K. Chow is a director of the Company.

13.     Defendant Janice L. Fields is a director of the Company.

14.     Defendant Brian R. Gamache is a director of the Company.

15.     Defendant William C. Johnson is President, Chief Executive Officer, and a director of the Company.

16.     Defendant Andrew Langham is a director of the Company.

17.     The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

18.     Welbilt provides the world's top chefs, premier chain operators, and growing independents with industry-leading equipment, and solutions.

19.     The Company's portfolio of award-winning product brands includes Cleveland™, Convotherm®, Crem®, Delfield®, Frymaster®, Garland®, Kolpak®, Lincoln®, Manitowoc® Ice, Merco®, Merrychef®, and Multiplex.®

20.     On July 14, 2021, Welbilt's Board caused the Company to enter into the Merger Agreement with Ali.

21.     Pursuant to the terms of the Merger Agreement, Welbilt's stockholders will receive $24.00 in cash for each share of Welbilt common stock they own.

22.     According to the press release announcing the Proposed Transaction:

Ali Holding S.r.l. ("Ali Group"), one of the largest and most diversified global leaders in the foodservice equipment industry, and Welbilt, Inc. (NYSE:WBT)

today announced that they have entered into a definitive merger agreement under which Ali Group will acquire Welbilt in an all-cash transaction for $24.00 per share, or approximately $3.5 billion in aggregate equity value and $4.8 billion in enterprise value. The merger agreement has been unanimously approved by the boards of directors of both companies. . . .

Approvals and Timing

The transaction, which is not conditioned on financing, is expected to close in early 2022, subject to the satisfaction of customary closing conditions, including the approval of Welbilt shareholders. Upon completion of the transaction, Welbilt's shares will no longer trade on The New York Stock Exchange.

Welbilt today also confirmed that it has terminated the previous merger agreement entered into with The Middleby Corporation ("Middleby") on April 20, 2021. Per the terms of the Middleby merger agreement, Ali Group has paid Middleby a $110 million termination fee on Welbilt's behalf as agreed to in the Ali Group merger agreement. In light of the termination of the agreement with Middleby, Welbilt is cancelling its July 21, 2021, special stockholder meeting to approve the Middleby transaction. Welbilt expects to announce a special stockholder meeting to approve the Ali Group transaction at a later date.

Advisors

Goldman Sachs & Co. LLC has acted as Ali Group's exclusive financial advisor with financing provided by Goldman Sachs International and Mediobanca, and Alston & Bird is acting as legal advisor. Morgan Stanley & Co. LLC is serving as exclusive financial advisor to Welbilt, and Gibson, Dunn & Crutcher LLP is serving as legal counsel.

**The Proxy Statement Omits Material Information, Rendering It False and Misleading**

23.    Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

24.    As set forth below, the Proxy Statement omits material information.

25.    First, the Proxy Statement omits material information regarding the Company's financial projections.

26.    With respect to the Company's financial projections, the Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate the projections; (ii) projected

net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

27.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

28.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley").

29.     With respect to Morgan Stanley's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for Welbilt; and (ii) the individual inputs and assumptions underlying the discount rates and terminal growth rates.

30.     With respect to Morgan Stanley's Discounted Equity Value Analysis, the Proxy Statement fails to disclose: (i) Morgan Stanley's basis for selecting the multiples used in the analysis; and (ii) the individual inputs and assumptions underlying the discount rate.

31.     With respect to Morgan Stanley's Discounted Analysts' Future Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; (ii) the sources thereof; and (iii) the individual inputs and assumptions underlying the discount rate.

32.     With respect to Morgan Stanley's Precedent Premia Analysis, the Proxy Statement fails to disclose: (i) the transactions observed by Morgan Stanley in the analysis; and (ii) the premiums paid in the transactions.

33.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

34.     Third, the Proxy Statement omits material information regarding Morgan Stanley.

35.    The Proxy Statement fails to disclose the timing and nature of the past services Morgan Stanley provided to the Company and its affiliates.

36.    Fourth, the Proxy Statement fails to disclose whether the Company executed any confidentiality agreements that contained "don't ask, don't waive" provisions.

37.    The omission of the above-referenced material information renders the Proxy Statement false and misleading.

38.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Welbilt**

39.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40.    The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Welbilt is liable as the issuer of these statements.

41.    The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

42.    The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

43.    The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on

the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

44.     The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

45.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

46.     Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

47.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48.     The Individual Defendants acted as controlling persons of Welbilt within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Welbilt and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

51.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

52.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 25, 2021                    **RIGRODSKY LAW, P.A.**

By:  */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Attorneys for Plaintiff*